USDC SDNY
DOCUMENT
ELECTRONICALLY
DOC #:
DATE FILED: 8/17/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------x
                                :
KENNETH SAMUELS,                :
            Petitioner,         :
                                :    03 Civ. 2340 (BSJ)(FM)
        v.                      :
                                :    **MEMORANDUM ORDER**
FLOYD BENNETT,                  :
Superintendent, ELMIRA          
Correctional Facility           :
                                :
                                :
            Respondent.         :
--------------------------------x

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

Before the Court are the objections of Habeas Petitioner Kenneth Samuels to the Report and Recommendation ("R&R") of Magistrate Judge Frank Maas recommending the denial of Samuels' Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. For the following reasons, the Court adopts the R&R, overrules Samuels' objections and DENIES his Habeas Petition.

### I. BACKGROUND AND PROCEDURAL HISTORY[1]

Samuels was convicted on one count of Murder in the Second Degree on December 3, 1996 following a jury trial in New York State Supreme Court, Bronx County, before Justice Frank Torres. Upon his conviction, Samuels was sentenced

---

[1] The R&R describes the background facts and procedural history in some detail. The Court presumes familiarity with that background, and will not repeat it except where relevant to the analysis set forth here.

1



to an indeterminate prison term of twenty-five years to life.

Before the trial, Justice Torres held a Wade hearing and determined that the identification testimony provided by Donna Clark, an eyewitness to the murder, would be admissible. See United States v. Wade, 388 U.S. 218 (1967). After this hearing, the prosecutor informed Justice Torres and Edward Dudley, Samuels' trial counsel, that Samuels' former counsel, Darryl Semple, was representing Clark in two pre-existing and unrelated criminal matters. Semple had represented Samuels for the first nine months of these proceedings; Semple withdrew as Samuels' attorney after Samuels became unable to afford Semple's services. (See R&R at 2.)

Dudley objected to Semple's representation of Clark, claiming there was a conflict of interest. Dudley said it was unclear whether Semple had used privileged information that he learned from Samuels to negotiate a deal for Clark relating to her own criminal charges. The prosecutor responded that there were no such negotiations. Justice Torres agreed to appoint substitute counsel to represent Clark in connection with Samuels' case, but he denied Dudley's request for a hearing on this matter. While Dudley argued that Semple should have been relieved from

representing Clark in connection with any other matters, Justice Torres "gave this contention short shrift." (R&R at 3.)

The Appellate Division affirmed Samuels' conviction, finding that there was no conflict of interest in Semple's subsequent defense of Clark in unrelated matters. (R&R at 9.) Clark's cooperation in Samuels' case had begun on the morning after the murder, when Clark provided the police with a physical description of the shooter. That same day, she identified Samuels out of 400 photographs, and chose him out of a line-up. (R&R at 7.) Furthermore, Clark swore under oath that she was not offered any deal in exchange for her testimony against Samuels. (R&R at 2.)

At trial, Clark was the only witness to make an in-court identification of Samuels. Samuels presented an alibi defense from two of his neighbors, Duval Buford and Steven Resto. Both said they were in a pool hall with Samuels at the time that the murder took place.

After the denial of his direct appeal and his first motion to vacate his conviction pursuant to § 440.10 of the New York Criminal Procedural Law ("CPL"),[2] Samuels filed a

---

[2] In this motion, Samuels claimed that, in connection with Clark's testimony, the prosecutor had knowingly presented false testimony and withheld Brady material. The instant Petition, and Samuels' Objections to Magistrate's Report and Recommendation ("Obj."), renew the substance of this claim.

3

Second CPL § 440.10 motion on September 14, 2004. On December 21, 2006, after holding a four-day evidentiary hearing to address issues raised by Samuels' Second CPL § 440.10 motion, Justice Michael R. Sonberg issued a detailed decision denying that motion in its entirety. Justice Sonberg found that a number of Samuels' claims were procedurally barred, including Samuels' claims that: (a) the prosecutor failed to disclose exculpatory evidence concerning an individual who was allegedly present during the shooting; (b) the prosecutor committed misconduct by misrepresenting witness testimony during summation; (c) the trial court mishandled its response to a note from the jury during its deliberations; and (d) his trial counsel was ineffective because he failed to (i) consult with him before consenting to the dismissal of a lesser-included offense, (ii) argue in summation that Samuels was innocent of intentional murder, and (iii) object to the prosecutor's misleading summation. See People v. Samuels, No. 7571/94, 2006 WL 4050815, at *13 (Sup. Ct. Bronx Cty. Dec. 21, 2006).

On March 27, 2008, Magistrate Judge Maas issued a thorough, 46-page R&R recommending the denial of Samuels' habeas petition. Judge Maas found that the first three of Samuels' claims, as described above, were procedurally

4

barred under CPL § 440.10(2)(c) because they were based "on the record of the proceedings underlying the judgment." See CPL § 440.10(2)(c). Judge Maas then addressed the merits of Samuels' claims, made in his first CPL 440 motion, that the prosecution improperly failed to (a) disclose, pursuant to Brady v. Maryland, 373 U.S. 83 (1963), that Clark had received leniency in her unrelated criminal case in exchange for her cooperation in Samuels' case, and (b) correct her allegedly perjured testimony that there was no such deal. Judge Maas also addressed the merits of Samuels' claims that his trial counsel, Dudley, was ineffective because he failed to (a) consult with him before consenting to the dismissal of a lesser-included offense, (b) argue in summation that he was innocent of intentional murder, and (c) object to the prosecutor's misleading summation. Judge Maas found that the prosecutor did not violate her obligations under Brady. Judge Maas further concluded that Samuels' failed to show ineffective assistance of counsel.

## II. DISCUSSION

### a. Standard of Review

When a Magistrate Judge has issued findings or recommendations, the district court "may accept, reject, or modify [them] in whole or in part." 28 U.S.C. §

636(b)(1)(C). The Court reviews de novo any portions of the Report to which Samuels has stated an objection. 28 U.S.C. § 636(b)(1)(C); see United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). "Where no objections are filed, or where the objections are 'merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition,' the court reviews the report for clear error." Brown v. Ebert, No. 05 Civ. 5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006) (quoting Gardine v. McGinnis, No. 04 Civ. 1819, 2006 WL 3775963, at *4 (S.D.N.Y. Dec. 20, 2006)).

### b. Samuels' Objections

Samuels submitted a 58-page memorandum of law objecting to the R&R. These objections amount to a lengthy rehashing of the same arguments set forth in his original petition and his prior motions and appeals. His arguments can be characterized as follows: (1) the prosecutor committed misconduct by misrepresenting the witnesses' testimony during summation; (2) the trial court failed to properly respond to a note from the jury during its deliberation; (3) the prosecutor violated her obligations under Brady by failing to disclose exculpatory evidence relating to an additional witness; (4) the prosecutor

violated her obligations under Brady by failing to properly disclose Clark's cooperation; (5) Samuels was denied the right to counsel because Semple, his initial attorney on this matter, later represented Clark on separate charges; (6) Samuels received ineffective assistance of counsel from Dudley.

Justice Sonberg and Judge Maas found the first three of these claims to be procedurally barred. (R&R at 23.) The Court agrees with and briefly addresses their determinations. Judge Maas addressed Samuels' latter three objections at length in the R&R. Finding no clear error in his analysis, the Court briefly addresses these objections as well.

### 1. Procedurally Barred Claims

Judge Maas properly found that a federal court is precluded from reviewing a claim when the state court's prior denial of the claim rested on an adequate and independent state ground. See Lee v. Kemna, 534 U.S. 362, 375 (2002). (R&R at 21.) A procedural default qualifies as an adequate and independent state ground. Harris v. Reed, 489 U.S. 255, 262 (1989).

Where a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, "federal habeas review of

7

the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991); see also Fama v. Comm'r of Corr. Servs., 235 F.3d 804, 809 (2d Cir. 2000). In order to overcome the procedural default, Samuels must demonstrate both cause for the default and actual prejudice, or that the failure to consider his claims will result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 750. He has not done so here.

Justice Sonberg held, and Judge Maas agreed, that the claims on which Samuels' first three objections are based were procedurally barred because Samuels did not raise them on direct appeal. (R&R at 23.) Furthermore, Judge Maas found that Samuels did not overcome his procedural default on these claims because he showed neither cause for his failure to assert his procedurally-barred claims on appeal, nor new reliable evidence of his actual innocence. (R&R at 25.) See Schlup v. Delo, 513 U.S. 298, 324 (1995). The Court agrees.

**2. Samuels' Brady Claim**

Samuels claims that, pursuant to Brady, the prosecutor should have disclosed that Clark had received leniency in exchange for her cooperation in Samuels' case. Samuels suggests that Clark's attorney communicated with the prosecutor during the trial. Samuels asks for an evidentiary hearing to pursue this claim. (Obj. at 23-24.)

As set forth in the R&R, Judge Maas found no support for Samuels' Brady claim; to the contrary, Judge Maas found that all necessary information was properly disclosed and no evidence suggesting any prearrangement of Clark's plea agreement in exchange for her testimony against Samuels. (R&R at 43.) With regard to this issue, Samuels' objections do not provide the Court with any reason to revisit Judge Maas' determination.

### 3. Samuels' Claim of Conflicted Counsel

Samuels claims that neither the trial court nor the Appellate Division complied with clearly established federal law in its decision that he was not denied his right to conflict free-counsel. Samuels claims there was a conflict of interest because Semple, his initial attorney on this matter, later represented Clark on separate and unrelated charges. Judge Maas addressed this issue at length and found that the trial court made the appropriate

9

inquiries concerning the alleged conflict of interest as required by United States v. Kliti, 156 F. 3d 150, 152 (2d Cir. 1998).

Samuels now contends that his request to disqualify Semple should have been granted because Semple was in a position to use privileged information obtained during his prior representation of Samuels to help Clark. (Obj. at 30.) But this ignores Judge Maas' determination that Semple's representations of Samuels and Clark were unrelated. Clark provided her initial identification of Samuels, and began cooperating with the police on Samuels' case, long before Semple became her counsel. Judge Maas concluded that Samuels' right to counsel was not compromised, and the Court agrees. This claim accordingly fails.

### 4. Ineffective Assistance of Counsel

Finally, Samuels claims that he received ineffective assistance of counsel from Dudley because Dudley failed to conduct an adequate pre-trial investigation relating to other alibi witnesses and to consult with him before agreeing, at the close of trial, to dismiss the lesser-included charge of manslaughter. This Court finds no clear error in Judge Maas' denial of this claim.

10

Courts evaluate claims of ineffective assistance of counsel under the two-part test established in Strickland v. Washington, 466 U.S. 668, 688 (1984). To meet this standard, a petitioner must (i) show that his counsel's conduct fell below an "objective standard of reasonableness," under "prevailing professional norms," and (ii) "affirmatively prove prejudice," meaning that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 687-688, 693-694 (1984).

Courts employ a "strong presumption that [a lawyer's] conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. Further, a petitioner must overcome the presumption that the lawyer's "challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)). As a general rule, "actions or omissions by counsel that 'might be considered sound trial strategy' do not constitute ineffective assistance" of counsel. United States v. Best, 219 F.3d 192, 201 (2d Cir. 2000) (quoting Strickland, 466 U.S. at 689). The Second Circuit is "especially hesitant to disturb such 'strategic' decisions." Pavel v. Hollins, 261 F.3d 210, 217 (2d Cir. 2001).

11

Samuels claims that Dudley did not conduct a sufficient investigation into the location of a potential alibi witness, the owner of the pool hall at which he claims he spent the night of the shooting. As Judge Maas notes, however, Dudley made reasonable efforts to locate that witness; Samuels has not shown that the witness would, in fact, have testified that Samuels was in the pool hall at the time of the shooting; and, even if the witness would have helped the defense, his testimony was plainly cumulative. (See R&R at 35-37.) In that light, Samuels has not shown ineffectiveness or prejudice.

Samuels also claims that Dudley provided ineffective counsel by failing to consult with him concerning the dismissal of the manslaughter charge. Samuels argues that he should have had the opportunity to convince his counsel to oppose this motion. But, as explained in the R&R, Dudley's tactical decision to forego the claim that Samuels was guilty of manslaughter does not amount to ineffective assistance of counsel. See, e.g., Ramdeo v. Phillips, No.04 Civ. 1157, 2007 WL 1989469 at *34 (E.D.N.Y. July 9, 2007) ("Trial counsel's decision not to request a charge on manslaughter [was] a strategic one, and cannot provide a basis for claiming ineffective assistance of counsel.") (See R&R at 40-43.) Nor has Samuels shown that Dudley had

a duty to consult with him before deciding to forego a manslaughter charge.

Samuels further contends that he was deprived of counsel because Dudley acknowledged, in his summation, that the charged shooting was committed intentionally. Like Dudley's decision to consent to the dismissal of the manslaughter charge, this acknowledgment can be seen as a strategic decision in keeping with the misidentification defense set forth throughout trial and the corresponding claim that Samuels was completely innocent. Therefore, the Court agrees with Judge Maas that Samuels' claim of ineffective counsel is without merit.

### 5. Supplemental Grievance

Samuels also objects to Judge Maas' comment that Samuels did not file a memorandum of law in this proceeding addressing the claims that were raised in his Second CPL Motion. (See Obj. at 1-2; R&R at 20.) Samuels claims that he was denied a copy of a hearing transcript and therefore could not file a memorandum of law addressing the additional claims that he had raised in his motion after his Second CPL § 440.10 Motion. Samuels argues that a copy of that transcript was necessary in order for him to compose his memorandum. Samuels does not seek any remedy. Moreover, Judge Maas and this Court have considered the

13

entirety of the instant record and all of Samuels' claims, on the facts and the law. Accordingly, this objection does not affect the disposition of the instant petition.

### c. Samuels' Other Habeas Claims

As to Samuels' remaining claims and griveances, the Court finds Magistrate Judge Maas' R&R thorough, well-reasoned and not clearly erroneous. Accordingly, the Court adopts Magistrate Judge Maas' recommendation to deny a writ of habeas corpus on the bases of those claims.

### III.   Conclusion

For the foregoing reasons, the Court adopts the Report and Recommendation of Magistrate Judge Maas in its entirety and DENIES Samuels' Petition for a Writ of Habeas Corpus. Because Samuels has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253; see United States v. Perez, 129 F.3d 255, 260 (2d Cir. 1997). Pursuant to 28 U.S.C. § 1915(a)(3), any appeal taken from this order would not be taken in good faith.

The Clerk of the Court is directed to close this case.



SO ORDERED:

_____
**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

Dated:    New York, New York
          August 17, 2009

15